The document below is hereby signed.

Signed: August 2, 2020



*S. Martin Teel, Jr.*
*United States Bankruptcy Judge*

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DAQUAN BRANDON, | ) | Case No. 20-00218 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING MOTION TO RECONSIDER ORDER DISMISSING CASE

The debtor has filed a motion to reconsider the dismissal of this case (Dkt. No. 26). For the following reasons, the court will deny the motion.

On May 4, 2020, the debtor filed the voluntary petition commencing this chapter 7 case (Dkt. No. 1) and an *Application for Individuals to Pay the Filing Fee in Installments* (Dkt. No. 10). Because the installment payments did not add up to the $335 amount of the filing fee, the debtor's application was denied and the debtor was ordered (Dkt. No. 11, entered May 13, 2020) to pay the filing fee in full, to file an amended application, or to show cause why the case ought not be dismissed for failure to pay the filing fee in full. Nineteen days later, after the debtor failed to comply with the court's order by the deadline set forth

in that order, the court dismissed the debtor's case on June 1, 2020 (Dkt. No. 23).[1]

On June 17, 2020, 35 days after the entry of the order of May 13, 2020, directing the debtor to file a proper application to pay the filing fee in installments, the debtor filed the motion to reconsider the dismissal of his case and included with it an amended application to pay the filing fee in installments. The motion and the amended application come too late, and the motion will be denied for unreasonable delay in filing an amended application.

The meeting of creditors was set for June 11, 2020 (29 days after the order of May 13, 2020), yet no amended application was filed until June 17, 2020.  If the dismissal order were vacated, the meeting of creditors would have to be re-set, an unwarranted administrative burden on the Clerk.  Moreover, due the court's inadvertent delay in addressing the motion, the bar date for objecting to discharge and the bar date under  under 11 U.S.C.

---

[1] The court also entered an Order to File Required Documents (Dkt. No. 13), which instructed the debtor to file his Copies of All Payment Advices or Other Evidences of Payment/Statement That No Evidence of Payment Exists.  Timely compliance with the obligation to file copies of payment advices or evidence of payment (or a statement that no evidence of payment exists) is crucial, and 11 U.S.C. § 521(i)(1) provides that "the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition" if a debtor fails to comply with this requirement.  If the order dismissing the case were vacated, a creditor could request dismissal of the case under § 521(i).

§ 523(c) for filing a complaint to determine the dischargeability of certain types of debt will expire shortly after entry of any order vacating the dismissal order.  Bankruptcy cases ought not proceed in fits and starts.

Moreover, the debtor's amended application proposed to pay the balance of the fee in the following installments: $82.00 by June 25, 2020; $82.00 by July 25, 2020; and $82.00 by August 25, 2020.  The debtor has made none of these installment payments.

For all of these reasons, the motion must be denied.  If the debtor wishes to pursue a bankruptcy case, the proper means of doing so under the circumstances is to file a new petition, bearing in mind: (1) that under 11 U.S.C. § 362(c)(3), the dismissal of this case impacts how long the automatic stay lasts in a new case unless certain steps are promptly taken upon filing a new case; (2) that the debtor remains liable for the unpaid portion of the filing fee in this case; and (3) that if the debtor fails to pay the unpaid portion of the filing fee in this case, the debtor will not be allowed, absent extraordinary circumstances, to pay the filing fee in installments in future cases and the debt could be referred to the Department of Treasury's Financial Management Service for collection.  It is

ORDERED that the debtor's motion to reconsider the dismissal of this case (Dkt. No. 26) is DENIED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); e-recipients.